UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVENOR ENRIQUE GALLO-NAVARRETE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONS CENTER, et. al.,<br>Respondents. | No. 1:26-cv-1601-DC-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner contends he was initially detained and released on parole by Department of Homeland Security on September 5, 2022. See ECF No. 1, pg. 3. Petitioner asserts he was denied due process when he was re-detained on October 7, 2025, without notice or a pre-deprivation bond hearing. See id. at 4. Petitioner asserts he is requesting asylum protection. See id.

The District Judge ordered Respondents to file an opposition or statement of non-opposition to the temporary restraining order. See ECF No. 4. Specifically, the District Judge directed Respondents to substantively address whether there were any factual or legal issues in

this case that rendered it distinguishable from the Court's prior orders in Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). See id.

On February 27, 2026, Respondents filed a motion to dismiss. See ECF No. 7. On March 2, 2026, the Court granted the motion for temporary restraining order and converted it to a preliminary injunction, ordering:

> (1) Petitioner shall be released immediately from the Respondents' custody; (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

ECF No. 9.

The matter was referred to the undersigned for further proceedings. On March 17, 2026, the Court ordered Petitioner to either file a reply or inform the Court they stand on their petition. See ECF No. 10. On March 18, 2026, Petitioner filed an opposition to the motion to dismiss, stating Petitioner stands on the petition. See ECF No. 11, pg. 2.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and in other cases, see Alas Paz v. Warden of California City Detention Facility, No. 1:26-CV-2881-DC-DMC-HC, 2026 WL 1431083 (E.D. Cal. May 21, 2026), report and recommendation adopted, No. 1:26-CV-2881-DC-DMC, 2026 WL 1706984 (E.D. Cal. June 12, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE